T.C. Memo. 2017-140

UNITED STATES TAX COURT

NVARD BALYAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14230-16.                          Filed July 11, 2017.

Nvard Balyan, pro se.

Christopher J. Richmond and Linette B. Angelastro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, Judge:  Respondent determined a deficiency of $15,566 in petitioner's Federal income tax and an accuracy-related penalty pursuant to section 6662(a) of $3,113 for the 2014 taxable year.[1]  The issues for decision, after a

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

**[\*2]** concession,[2] are whether petitioner: (1) is entitled to deduct expenses she reported on her Schedule C, Profit or Loss From Business, in amounts greater than those respondent allowed and (2) is liable for the accuracy-related penalty. We resolve both issues in favor of respondent.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time the petition was filed with the Court.

Petitioner emigrated to the United States from Armenia in 1991. She is a registered nurse with experience in hospice care, having received nursing degrees from educational institutions in Armenia and in California in 1987 and 2000, respectively.

---

[1](...continued)
Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]On her 2014 Federal income tax return, in addition to reporting wage income that was reflected on two Forms W-2, Wage and Tax Statement, issued to her, petitioner reported wage income that was reflected on three Forms W-2 issued to her daughter and wage income not reflected on a Form W-2. In the notice of deficiency issued to petitioner for 2014, respondent adjusted her 2014 gross wages to agree with the amounts shown only on the Forms W-2 issued to her. At trial upon inquiry by the Court petitioner stated that she did not contest respondent's favorable adjustment.

**[*3]** In 2014 petitioner was employed by two different home health care companies and earned wages therefrom. In addition, she provided consulting services to unspecified hospice care providers as an independent contractor during that year, reporting items of income and expense therefrom, as detailed below, on a Schedule C attached to her Form 1040, U.S. Individual Income Tax Return, for 2014 (2014 return).

Petitioner was also a shareholder in a California corporation, MD Choice Hospice, Inc. (MD Choice), incorporated in 2013. In 2014 MD Choice was an S corporation and petitioner was a 50% shareholder in MD Choice. At trial petitioner testified that, consistent with its Form 1120S, U.S. Income Tax Return for an S Corporation, for 2014 (on which the parties stipulated that MD Choice reported items of expense and zero gross receipts),[3] MD Choice did not provide any services in 2014; instead, its activity was focused on obtaining its State licensure (which it ultimately received in 2016) and fulfilling other preliminary requirements to provide hospice care services.

_____

[3]The parties further stipulated that MD Choice filed its 2014 Form 1120S on September 19, 2016 (and its 2013 Form 1120S, on which it similarly reported items of expense and zero gross receipts, on May 30, 2016). Petitioner testified that these returns were prepared much earlier than their filing dates but their filing was delayed until after the notice of deficiency in this case was issued because she was working to resolve various issues with MD Choice's other shareholder.

**[*4]**   Petitioner prepared and timely filed the 2014 return.  As relevant here, on the attached Schedule C petitioner reported gross receipts of $35,290 and total expenses of $51,507, for a net loss of $16,217.  The expenses consisted of $12,519 for car and truck expenses; $2,640 for insurance; $8,000 for legal and professional services; $8,400 for office expense; $3,860 for repairs and maintenance; $2,780 for supplies; $5,020 for taxes and licenses; $3,228 for travel, meals, and entertainment; $1,100 for utilities; and $3,960 for other expenses, including $1,600 for cell phone expenses, $1,160 for internet expenses, and $1,200 for training expenses.

Following an examination of the 2014 return, respondent determined in pertinent part that most of petitioner's Schedule C deductions should be disallowed for lack of substantiation.  Respondent also determined that a section 6662(a) accuracy-related penalty should be imposed.  The notice of deficiency mailed to petitioner on April 21, 2016, reflects those determinations.  According to the notice, petitioner "did not establish that the * * * [remaining Schedule C expenses of $45,362 were] paid or incurred during the taxable year and that the expense[s] * * * [were] ordinary and necessary".[4]  Respondent determined the

---

[4]Petitioner was allowed Schedule C deductions for car and truck expenses of $4,200, other expenses (cell phone) of $720, and office expense of $1,225.

**[*5]** accuracy-related penalty because petitioner's resulting underpayment of tax was "attributable to one or more of the following: (1) [n]egligence or disregard of rules or regulations; (2) [s]ubstantial understatement of income tax; (3) [s]ubstantial valuation misstatement (overstatement); (4) [t]ransaction lacking economic substance." Petitioner timely petitioned this Court for redetermination of the deficiency and the penalty.

OPINION

I.      Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to demonstrate that the claimed deductions are allowable pursuant to some statutory provision and to substantiate the expenses giving rise to the claimed deductions by maintaining and producing adequate records that enable the Commissioner to determine the taxpayer's correct liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001);

**[*6]** Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has she established that the requirements for shifting the burden of proof have been met.  Accordingly, the burden of proof remains on petitioner.  See sec. 7491(a)(2).

II.    Schedule C Deductions

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Sec. 162(a); sec. 1.162-1(a), Income Tax Regs.  Whether an expense is deductible under section 162 is a question of fact to be decided on the basis of all the relevant facts and circumstances.  Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)).  Under the Cohan rule, if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  In order for the Court to estimate the amount of a deductible expense, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85

[*7] T.C. at 742-743. Otherwise an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

The Cohan rule, however, is superseded--that is, estimates are not permitted--for certain expenses specified in section 274, such as travel (including meals and lodging), entertainment, and "listed property" (including passenger automobile) expenses. Secs. 274(d), 280F(d)(4)(A)(i); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language); see Boyd v. Commissioner, 122 T.C. 305, 320 (2004). Instead, these types of expenses are subject to strict substantiation rules. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra. These strict substantiation rules generally require the taxpayer to substantiate with adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment expense, the business relationship between the person entertained and the taxpayer. Sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). For "listed property" expenses, in addition to the time such expenses were incurred and their business purpose, the taxpayer must establish the

[*8] amount of business use and the total use of such property.  Id. subpara. (6)(i)(B), 50 Fed. Reg. 46016.

Substantiation by adequate records requires the taxpayer to maintain (1) an account book, diary, log, statement of expense, trip sheets, or similar record prepared contemporaneously with the expenditure and (2) documentary evidence, such as receipts or paid bills, which together prove each element of an expenditure.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

On the Schedule C attached to the 2014 return petitioner claimed a deduction for the following expenses totaling $51,507:  car and truck expenses; insurance; legal and professional services; office expense; repairs and maintenance; supplies; taxes and licenses; travel, meals, and entertainment; utilities; and other expenses, including cell phone, internet, and training expenses. Of these expenses, respondent partially allowed deductions for car and truck expenses, cell phone expenses, and office expense; the remaining expense deductions respondent disallowed in full.  The remaining car and truck expenses and the expenses for travel, meals, and entertainment cannot be estimated because they are subject to the strict substantiation rules of section 274(d).  Petitioner at trial offered no testimony or records or sufficient evidence to substantiate the

[*9] respective amounts of these expenses, the time and place these expenses were incurred, and the business purpose of these expenses.

Petitioner's testimony regarding any of the reported expenses was general, to wit, that she incurred various expenses relating to her hospice care endeavors in 2014 and that she provided various receipts and records to respondent during the examination of the 2014 return. And she did not offer at trial any documentation, such as receipts or invoices, to substantiate any of the reported expenses. Thus, we cannot even apply the Cohan rule as it relates to the Schedule C expenses not subject to the section 274(d) strict substantiation rules because there is no foundation in the record before us for estimating the respective amounts. Petitioner accordingly has not established that she is entitled to Schedule C deductions beyond what respondent has already allowed. We sustain respondent's determination that petitioner is entitled to Schedule C deductions for car and truck expenses of $4,200, other expenses (cell phone) of $720, and office expense of $1,225.[5]

---

[5]It may be that petitioner incurred some of the reported Schedule C expenses in her capacity as a coowner of MD Choice in 2014 when she was working to secure the proper operating licenses and satisfy other preliminary operating requirements. At trial respondent additionally argued that on the basis of Richmond Television Corp. v. United States, 345 F.2d 901 (4th Cir. 1965), and sec. 195, because MD Choice was not a going concern and not performing any

(continued...)

[*10] III.     Accuracy-Related Penalty Under Section 6662(a)

We now address whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Various grounds for the imposition of this penalty are set forth in the notice of deficiency although only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one ground. Sec. 1.6662-2(c), Income Tax Regs. We need only address respondent's claim that petitioner is liable for the section 6662(a) accuracy-related penalty on the ground that petitioner's underpayment of tax for 2014 was attributable to a substantial understatement of income tax under section 6662(b)(2). For purposes of section 6662(b)(2), an understatement generally means the excess of the amount of tax required to be reported on the return over the amount shown on the return. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the understatement for

_____

[5](...continued)
activities in 2014 for which it was organized at the time any expenses relating to MD Choice were incurred, such expenses cannot generate a current deduction for petitioner (and a timely election can no longer be made to amortize them) but instead must be capitalized and recovered over time once MD Choice begins to function. However, on the basis of the record before us, we find that petitioner has not substantiated any expenses at all, and thus we find it unnecessary to address this argument.

[*11] the taxable year exceeds the greater of 10% of the tax required to be shown on the return for that taxable year or $5,000. Sec. 6662(d)(1)(A). The Commissioner bears the burden of production regarding a taxpayer's liability for the accuracy-related penalty and thus is required to come forward with sufficient evidence indicating that imposition of the penalty is appropriate. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving, through sufficient evidence, that the Commissioner's penalty determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, 116 T.C. at 447. Respondent has discharged his burden of production by providing sufficient evidence that petitioner's understatement of income tax for 2014 exceeds the greater of 10% of the tax that was required to be shown on the return or $5,000.[6]

Application of the accuracy-related penalty may be avoided with respect to any portion of an underpayment if it is shown there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446-447. The determination of

---

[6]Respondent also demonstrated that petitioner acted negligently for 2014 because the record before us clearly shows, see supra p. *9, that petitioner failed to keep accurate records to substantiate her claimed Schedule C deductions, see sec. 1.6662-3(b)(1), Income Tax Regs. (providing that negligence includes any failure by a taxpayer to keep adequate book and records or to substantiate items properly).

**[*12]** whether the taxpayer had reasonable cause and acted in good faith depends upon the pertinent facts and circumstances of a particular case. Sec. 1.6664-4(b)(1), Income Tax Regs. We consider, among other factors, the experience, education, and sophistication of the taxpayer; however, the principal consideration is the extent of the taxpayer's efforts to assess the proper tax liability. Id.; see also Higbee v. Commissioner, 116 T.C. at 448. Taking into consideration the taxpayer's experience, education, and sophistication, an honest misunderstanding of fact or law may indicate reasonable cause and good faith. Higbee v. Commissioner, 116 T.C. at 449 (citing Remy v. Commissioner, T.C. Memo. 1997-72). In addition, reliance on professional advice may indicate reasonable cause and good faith if, in the light of all the facts and circumstances, such reliance was reasonable and the taxpayer acted in good faith. Id. at 448-449.

Petitioner at trial appeared sincere and showed that her experience and sophistication regarding Federal income tax matters is limited. However, she did not consult a tax professional, and as a business owner she should be aware of the need for keeping accurate books and records for each business endeavor. We cannot find in the record either evidence of a cognizable effort to assess her proper tax liability or reasonable cause for the error. Because the underpayment was by definition substantial, we will sustain the penalty.

**[*13]**  We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.