T.C. Memo. 2018-19

UNITED STATES TAX COURT

DUNCAN BASS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24071-16.                    Filed February 21, 2018.

Duncan Bass, pro se.

<u>Tammie A. Geier</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  Respondent determined a deficiency of $3,902 in

petitioner's Federal income tax for the 2013 taxable year.  The issue for decision is

whether petitioner is entitled to deduct certain expenses he reported on his

[*2] Schedule C, Profit or Loss From Business.[1]  We resolve this issue in favor of respondent.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in North Carolina at the time the petition was filed with the Court.

I.      Petitioner and His For-Profit and Nonprofit Activities

During 2013 in addition to being a "W-2 wage earner" for three different employers, petitioner owned and operated Bass & Co. Landscaping, an unincorporated business.  Bass & Co. Landscaping provided landscaping and janitorial services.  During 2013 petitioner owned three vehicles:  a 2000 Dodge, a 2002 Ford, and a 2007 Suzuki.  He used the 2000 Dodge in connection with Bass & Co. Landscaping.  He did not, however, contemporaneously keep a diary, a mileage log, trip sheets, or similar records to document the business use of this vehicle.

During 2013 petitioner also owned and operated Lend-A-Hand, Inc., a nonprofit North Carolina corporation that he incorporated on June 24, 2010.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Lend-A-Hand collects clothing and school supplies and donates these items to disadvantaged individuals. Since at least 2013 petitioner, Bass & Co. Landscaping, and Lend-A-Hand have maintained a single bank account at Summit Credit Union.

II.    Petitioner's Tax Reporting and the Notice of Deficiency

Petitioner prepared and filed timely (with the assistance of a paid preparer) a Form 1040, U.S. Individual Income Tax Return, for 2013 (2013 return). On the 2013 return petitioner reported wages totaling $77,956 from his three employers. He also reported a $20,402 business loss from Bass & Co. Landscaping, which he detailed on a Schedule C attached to the 2013 return.

On the Schedule C petitioner reported gross receipts of $8,549 and total expenses of $28,951. The expenses consisted of $10,239 for car and truck expenses for driving the 2000 Dodge 18,123 miles; $530 for depreciation and section 179 expenses; $2,181 for other interest; $840 for rent or lease of other business property; $2,176 for supplies; $388 for meals and entertainment; and $12,597 for other expenses, which included $1,377 for power tools, $408 for uniforms, $9,360 for Lend-A-Hand, and $1,452 for a cell phone. The amount for uniforms represented laundering expenses for Bass & Co. Landscaping uniforms, while the amount for Lend-A-Hand represented cash payment by Bass & Co.

**[\*4]** Landscaping to Lend-A-Hand for advertising on Lend-A-Hand's "Tax Deductible Donation Acknowledgment" form and rental of a storage unit at a self-storage facility.

Following an examination of the 2013 return, respondent determined that petitioner's claimed Schedule C deductions for car and truck expenses of $10,239 and other expenses of $12,597 should be disallowed for lack of substantiation. The notice of deficiency issued to petitioner on October 24, 2016, reflects that determination. Petitioner timely petitioned this Court for redetermination of the deficiency.

OPINION

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Segel v. Commissioner, 89 T.C. 816, 842 (1987). This burden requires the taxpayer to demonstrate that the claimed deductions are allowable pursuant to some statutory provision and to substantiate the expenses giving rise to the claimed deductions by maintaining and producing adequate records that enable the Commissioner to determine the

**[*5]** taxpayer's correct liability. Sec. 6001; <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001); <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has he established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioner. <u>See</u> sec. 7491(a)(2).

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); sec. 1.162-1(a), Income Tax Regs. A business expense is "ordinary" if it is "normal, usual, or customary" in the taxpayer's trade or business. <u>See</u> <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). An expense is "necessary" if it is "appropriate and helpful" to the taxpayer's business, but it need not be absolutely essential. <u>Commissioner v. Tellier</u>, 383 U.S. 687, 689 (1966) (quoting <u>Welch v. Helvering</u>, 290 U.S. at 113). A taxpayer may not deduct a personal, living, or family expense unless the Internal Revenue Code expressly provides otherwise. Sec. 262(a).

Whether an expense is deductible under section 162 is a question of fact to be decided on the basis of all the relevant facts and circumstances. <u>Cloud v. Commissioner</u>, 97 T.C. 613, 618 (1991) (citing <u>Commissioner v. Heininger</u>, 320 U.S. 467, 473-475 (1943)). Under the <u>Cohan</u> rule, if a taxpayer establishes that an

[*6] expense is deductible but is unable to substantiate the precise amount, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In order for the Court to estimate the amount of a deductible expense, the taxpayer must establish some basis upon which an estimate may be made. Norgaard v. Commissioner, 939 F.2d 874, 879 (9th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1989-390; Vanicek v. Commissioner, 85 T.C. at 742-743. Otherwise an allowance would amount to "unguided largesse." Norgaard v. Commissioner, 939 F.2d at 879 (quoting Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957)).

The Cohan rule, however, is superseded--that is, estimates are not permitted--for certain expenses specified in section 274, such as "listed property" (including passenger vehicle) expenses.[2] Secs. 274(d), 280F(d)(4)(A)(i); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language); see Boyd v. Commissioner, 122 T.C. 305, 320 (2004). Instead,

---

[2]A taxpayer may deduct passenger vehicle expenses by using either actual cost or the standard mileage rate, provided he substantiates the amount of business mileage and the time and purpose of each use. See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2010-51, 2010-51 I.R.B. 883.

**[\*7]** these types of expenses are subject to strict substantiation rules. <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>. These strict substantiation rules generally require the taxpayer to substantiate with adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense; (2) the time and place the expense was incurred; and (3) the business purpose of the expense. <u>Balyan v. Commissioner</u>, T.C. Memo. 2017-140, at \*7; sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). For "listed property" expenses, in addition to the time such expenses were incurred and their business purpose, the taxpayer must establish the amount of business use and the total use of such property. <u>Balyan v. Commissioner</u>, at \*7-\*8; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain (1) an account book, diary, log, statement of expense, trip sheets, or similar record prepared contemporaneously with the expenditure and (2) documentary evidence, such as receipts or paid bills, which together prove each element of an expenditure. <u>Balyan v. Commissioner</u>, at \*8; sec. 1.274-5(c)(2)(iii), Income Tax

**[\*8]** Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

On the Schedule C attached to the 2013 return petitioner claimed a deduction for the following expenses totaling $28,951: car and truck expenses; depreciation and section 179 expenses; other interest; rent or lease of other business property; supplies; meals and entertainment; and other expenses consisting of expenses for power tools, uniforms, Lend-A-Hand, and a cell phone. Of these expenses, respondent during the examination of the 2013 return allowed deductions for depreciation and section 179 expenses, other interest, rent or lease of other business property, meals and entertainment, and supplies; the remaining deductions for car and truck expenses and other expenses respondent disallowed in full.

Contrary to what petitioner appears to believe, the car and truck expenses are subject to the strict substantiation rules of section 274(d) and thus they cannot be estimated.[3] It is undisputed that petitioner did not contemporaneously maintain

---

[3]At trial petitioner asserted that his car and truck expenses were exempt from the strict substantiation rules of sec. 274(d), appearing to rely on a 1986 Internal Revenue Service revenue ruling establishing guidelines for determining when certain modified pickup trucks or vans will be recognized as qualified nonpersonal use vehicles and therefore exempt from the sec. 274(d) strict substantiation rules. See Rev. Rul. 86-97, 1986-2 C.B. 42; see also sec. 1.274-

(continued...)

[*9] a diary, a mileage log, trip sheets, or similar records of his use of the 2000 Dodge in connection with Bass & Co. Landscaping during 2013. Neither did he retain receipts or otherwise produce any documentary evidence relating to each job that Bass & Co. Landscaping was hired to do in 2013 or establish the total business miles driven in the 2000 Dodge during 2013. Instead, petitioner offered general and uncorroborated testimony, along with three handwritten mileage diagrams; two 2013 invoices from two different tire and automotive repairs shops reflecting, among other things, the odometer reading of the 2000 Dodge; a State of North Carolina vehicle emissions and safety receipt dated February 22, 2014, with a handwritten notation on it by petitioner that this receipt shows the mileage of the 2000 Dodge at the end of 2013; and a State of North Carolina vehicle registration card for the 2000 Dodge with a handwritten notation on it by petitioner that the vehicle "was down in Dec. [and] couldn't be driven or inspected". Such evidence does not have the "high degree of probative value to elevate" it to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Accordingly, we conclude that

---

[3](...continued)
5(k)(7), Income Tax Regs. However, petitioner's assertion is without merit as the record is devoid of any evidence that the 2000 Dodge he used in connection with Bass & Co. Landscaping during 2013 had even been modified, let alone modified within the meaning of this revenue ruling or the appurtenant regulation.

**[*10]** petitioner has not established for 2013 that he is entitled to a deduction for any amount of car and truck expenses under section 274(d).

With respect to the other expenses, we similarly conclude on the basis of the record that petitioner is not entitled to deductions for these expenses in any amount for 2013.  Petitioner offered only general and uncorroborated testimony to substantiate the expenses for power tools, laundering Bass & Co. Landscaping uniforms, a cell phone, and cash payments to Lend-A-Hand for advertising and rental of a storage unit.  It is undisputed that he did not maintain any receipts pertaining to the expenses for power tools and uniforms.  The documentary evidence he produced--a statement payment stub dated July 20, 2013, from Verizon Wireless reflecting an amount due of $312.31; a payment receipt for $215 from Verizon Wireless dated March 15, 2013; a statement handwritten by petitioner dated July 30, 2017, that he used his cell phone in his business; receipts handwritten by petitioner from Bass & Co. Landscaping to Lend-A-Hand; and a bank record dated June 3, 2013, from an unknown account of $560 paid to "AFM Storage"--is woefully inadequate under section 162 standards.  The documentary evidence pertaining to Lend-A-Hand, along with the fact that petitioner, Bass & Co. Landscaping, and Lend-A-Hand maintained a single bank account in 2013, is particularly unavailing because it shows, as petitioner even acknowledges, that he

**[*11]** is attempting to take a deduction for paying himself. And thus, on the basis of the record before us, the Court also is unable to make an estimate of deductible other expenses for 2013 under the Cohan rule.

In sum, petitioner has not established for 2013 that the car and truck expenses and the other expenses were paid or incurred or that they were ordinary and necessary. We sustain respondent's determination that petitioner is not entitled to Schedule C deductions for car and truck expenses of $10,239 and other expenses of $12,597.

To reflect the foregoing,

Decision will be entered for

respondent.