T.C. Summary Opinion 2022-1

UNITED STATES TAX COURT

SHARON A. STRUBLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 329-19S.                    Filed January 6, 2022.

<u>Joel Cruz-Esparza</u>, for petitioner.

<u>Michael T. Garrett</u> and <u>Matthew A. Houtsma</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect at all relevant times, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded
to the nearest dollar.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

By notice of deficiency dated October 15, 2018, respondent determined a deficiency of $3,998 in petitioner's Federal income tax for tax year 2015 (year at issue).

After concessions,[2] the issues remaining for decision are whether petitioner is entitled to deductions for unreimbursed employee expenses and for tax preparation fees claimed for the year at issue.

## Background

I. Petitioner's Military Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Mexico when she timely filed her petition. During the year at issue petitioner was employed by the United States Air Force and held the rank of senior

---

[2] In her posttrial brief petitioner conceded that she is not entitled to deduct meals and entertainment expenses, which she had reported on her Form 2106, Employee Business Expenses, submitted with her Schedule A, Itemized Deductions, for the year at issue. Petitioner also has conceded, as further discussed below, that she is not entitled to deduct the full amount of the mileage expenses, travel expenses, and "other" business expenses as reported on her Form 2106 for the year at issue.

master sergeant. Her primary duty was to act as a medical facilitator, coordinating across the Department of Defense among the Air Force, Army, and Navy to ensure each branch was in compliance with applicable standards and regulations for medical training. Petitioner was a trained medic and was assigned medical facilitator duties as a result of this training.

During the year at issue petitioner was stationed at Fort Sam Houston in San Antonio, Texas, but she normally performed her duties as a medical facilitator at both Lackland Air Force Base (Lackland) in San Antonio, Texas, and Fort Sam Houston. Petitioner's duties as a medical facilitator required her to drive back and forth regularly between Fort Sam Houston, Lackland, and her home off base in San Antonio. Lackland was approximately 15 miles from her home, and Fort Sam Houston was approximately 30 miles from her home. Petitioner was reimbursed for all expenses incurred in connection with her duties as a medical facilitator, and none of the expenses at issue involves expenses incurred as a medical facilitator.

In addition to her primary job duties as a medical facilitator, petitioner performed duties as an additional duty first sergeant (ADFS) from January 1 through July 31, 2015. As an ADFS petitioner assisted active first sergeants in the performance of their duties and occasionally performed the duties of an active first duty sergeant if he or she was otherwise unavailable. Petitioner's tasks as an

ADFS involved a variety of personnel issues in the medical operations squadron, such as taking care of individuals with health problems, guiding individuals through financial issues incident to their health problems, and making death notifications.  As a general matter, her ADFS assignments ranged from days to months.  Petitioner's ADFS duties usually involved travel between various military bases in San Antonio, including Lackland, Fort Sam Houston, and occasionally Randolph Air Force Base in Randolph, Texas.  All expenses incurred in connection with her ADFS duties were not reimbursable, and only her ADFS-related expenses are at issue herein.

II.     Petitioner's Return and Unreimbursed Business Expenses

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the year at issue, to which she attached Schedule A and Form 2106, which reported her unreimbursed employee business expenses for the year at issue.  In relevant part petitioner deducted the following unreimbursed business expenses for the year at issue:  (1) $9,387 for mileage; (2) $1,249 for travel, and (3) $15,098 for "other".  Petitioner now claims that her deductions for those respective expenses are $2,882, $2,317, and $7,156.  Petitioner also claimed a $304 deduction for tax preparation fees on her Schedule A.

A.    Business Mileage Expenses

Petitioner reported the business mileage expenses on her Form 2106 on the basis of business miles driven rather than actual vehicle expenses, such as vehicle maintenance (in other words, at the standard mileage rate).

To substantiate her business miles driven, petitioner kept a self-prepared ledger documenting business miles driven each month of the year at issue.  The ledger shows that petitioner traveled 5,012 miles for business purposes, and she computed her reported $2,882 in business miles expenses by multiplying 5,012 by a standard mileage rate of 57.5 cents per mile.

Petitioner's ledger was not a contemporaneous record, and she usually updated it quarterly using a calendar that purportedly recorded contemporaneously all of her business mileage.  Petitioner did not produce the calendar into evidence. Petitioner's ledger entries do not clearly state a business purpose for the reported mileage, and the entries do not clearly indicate that her business mileage expenses were nonreimbursable costs incurred in connection with her ADFS duties.  For example, each business mile entry includes the following generic description: "Home to * * * [Fort Sam Houston] to Lackland to Back Home," without specifying whether the cost was incurred for nonreimbursable purposes.

B.      Travel Expenses

Petitioner incurred her now-reported travel expenses while traveling to a friend's funeral in Louisiana and to attend a training session in Houston.  Specific expenses arising from these trips include, but are not limited to, $591 in airfare to and from Louisiana and $363 in car rental in connection with her Houston trip.

To substantiate these travel expenses, petitioner relied on her ledger and a number of receipts produced into evidence at trial.  Petitioner's ledger and receipts did not establish a business purpose behind her purported travel expenses.  Petitioner was not required or designated by the Air Force to travel to her friend's funeral, and the Air Force specifically designated another individual to attend the funeral in an official capacity.  Additionally, petitioner had a personal friendship with the decedent, and that personal connection was the primary reason for petitioner's attendance at the funeral.  She also was not required to attend the training in Houston and did not provide a business purpose for expenses in connection with her attendance.

C.      Other Business Expenses

Petitioner's now-reported other business expenses consist of cell phone bills of $1,407; miscellaneous office expenses including an iPad, HDMI cables, speakers, software, and postage of $4,196; uniform maintenance expenses of

$1,495; and parking expenses of $58. To substantiate her expenses, petitioner relied on her ledger and receipts produced as evidence. Petitioner's records in connection with her miscellaneous office expenses, which include but are not limited to the cost of a "refurbished iPod or iPad" of $722 and postage expenses of $34, do not state any business purpose. Petitioner's ledger does not describe the purpose behind her miscellaneous office expenses with any specificity.

III.     Notice of Deficiency and Petition

After examination, respondent issued a notice of deficiency dated October 15, 2018, determining a deficiency of $3,998 in petitioner's Federal income tax for the year at issue. Attached to the notice of deficiency was Form 886-A, Explanation of Items, which explained why respondent disallowed petitioner's unreimbursed business expense deduction. The form explained that, on the basis of documentation submitted, petitioner attempted to deduct mileage and actual vehicle expenses, which is not allowable. Further, the form stated that petitioner's mileage expenses reflected the cost of commuting between her residence and places of employment, which is not an allowable deduction. Respondent disallowed the nonmileage expense deduction because petitioner failed to adequately substantiate her reported expenses.

## Discussion

I.      Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer generally bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace; taxpayers must demonstrate their entitlement to deductions allowed by the Code and substantiate amounts claimed as deductions. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). In certain circumstances the burden of proof on factual issues may shift to the Commissioner. See sec. 7491(a). Petitioner does not contend that she has satisfied the requirements of section 7491 for shifting the burden of proof. See Rule 142(a). Accordingly, the burden of proof remains on her on all factual issues.

II.     Petitioner's Unreimbursed Business Expense Deductions

A taxpayer may deduct unreimbursed employee expenses as ordinary and necessary business expenses under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). An employee cannot deduct such expenses to the extent that the

employee is entitled to reimbursement for them. Id. at 7. An employee of the Air Force may incur unreimbursed employee business expenses. See Marshall v. Commissioner, T.C. Memo. 1992-65. A taxpayer may not deduct personal, living, or family expenses. Sec. 262.

When a taxpayer, such as petitioner, establishes that she paid a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the expenses at issue are specified in section 274 and are subject to strict substantiation rules thereunder that supersede the Cohan rule. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) provides that certain expenses, such as vehicle mileage and travel expenses, are not deductible unless the taxpayer substantiates them with adequate records or sufficient evidence corroborating his or her own statement that establish: (1) the amount of the expense, (2) the time and place of the travel or use of the property, and (3) the business purpose of the expenditure. Balyan v. Commissioner, T.C. Memo. 2017-140, at *7; sec. 1.274- 5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The strict substantiation rules require the taxpayer to maintain records or other documentary evidence adequate to establish the business purpose and other elements of the reported expenditures. See sec. 1.274-5(c)(2)(iii), Income Tax Regs. To meet the adequate records requirements, a taxpayer must maintain an account book, a log, or other documentary evidence which, in combination, is sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). If a taxpayer does not satisfy the adequate records requirements with respect to one or more elements, he or she may substantiate those elements with his or her own detailed statement and with other corroborative evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by other corroborative evidence sufficient to establish such element. Id. While a contemporaneous log is not required, a taxpayer's subsequent reconstruction of his or her expenses does require corroborative evidence with a high degree of probative value to support such a reconstruction, in order to elevate that reconstruction to the same level of credibility as a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

A.    Business Mileage Expenses

A taxpayer may deduct vehicle mileage expenses that are substantiated by adequate records or sufficient evidence.  Secs. 274(d)(4), 280F(d)(4)(A)(i) and (ii).  However, commuting expenses are generally nondeductible personal expenses, regardless of the distances involved.  See Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs.  There are two exceptions to this general rule where, as petitioner argues, the commuting involves a temporary work location.  See Bogue v. Commissioner, T.C. Memo. 2011-164, aff'd, 522 F. App'x 169 (3d Cir. 2013).  The first exception permits a taxpayer to deduct transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer normally lives and works.  See Gorokhovsky v. Commissioner, T.C. Memo. 2013-65; Bogue v. Commissioner, T.C. Memo. 2011-164; Rev. Rul. 99-7, 1999-1 C.B. 361.  The second exception permits a taxpayer to deduct commuting expenses between the taxpayer's residence and a temporary work location, regardless of distance, if the taxpayer also has one or more regular work locations away from the taxpayer's residence.  See Bogue v. Commissioner, T.C. Memo. 2011-164.

A work location is temporary if it is realistically expected to last (and does in fact last) for one year or less. Id.; Rev. Rul. 99-7, 1999-1 C.B. 361. Work is temporary only if it can be expected to end within a short time. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). In contrast a work location is not temporary if it is a location at which the taxpayer works or performs services regularly. Bogue v. Commissioner, T.C. Memo. 2011-164. A work location is either a regular work location or a temporary work location--it cannot be both at the same time. Id.

Petitioner contends that her claimed deductible mileage expense deductions were incurred driving between Fort Sam Houston, Lackland, and her home in connection with her ADFS duties. She contends the evidence establishes that her regular work location was Fort Sam Houston and that she performed a variety of ADFS related tasks on a temporary basis elsewhere. Specifically, she contends that the entries on her ledger demonstrate that she is entitled to deduct $2,882 in mileage expenses.

Petitioner's claim for a mileage expense deduction is not supported by evidence meeting the strict substantiation requirements of section 274(d). Her ledger does not establish a business purpose for any of her trips to and from her home and the various military bases where she allegedly performed her ADFS

duties.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  Her ledger does not describe in detail sufficient under the circumstances the times, dates, and purposes of her reported mileage expenses.  See id.  Petitioner testified that she regularly performed her medical facilitator's duties at Lackland and Fort Sam Houston.  The record does not credibly establish that her costs to travel by car to those bases were exclusively for temporary ADFS duties rather than reimbursable medical facilitator duties.  See Bogue v. Commissioner, T.C. Memo. 2011-164.  Thus, petitioner has failed to demonstrate that her mileage expenses were in connection with unreimbursable ADFS duties rather than her daily commute.  Accordingly, petitioner is not entitled to deduct any of her reported mileage expenses.

B.    Travel Expenses

Petitioner testified that she was not required or designated by the Air Force to travel to her friend's funeral or to attend the training session in Houston.  With respect to the funeral in Louisiana, the Air Force specifically designated another individual to attend the funeral in an official capacity.  Additionally, petitioner had a personal friendship with the decedent, and that personal connection was the primary reason for her attendance at the funeral.  Further, petitioner's ledger documenting her alleged expenses does not establish a clear business purpose for

her travel.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  With respect to the training in Houston, petitioner was not ordered to attend the training, and the ledger does not establish a clear business purpose for the training.  See id. Petitioner has not properly substantiated her travel expenses.  Accordingly, she is not entitled to a deduction for any such expenses.

C.     Other Business Expenses and Tax Preparer Costs

Petitioner's other business expenses consist of her cell phone bill, the cost of an iPad, postage costs, other miscellaneous expenses, parking expenses, and uniform-related expenses.  With respect to her cell phone bills, petitioner testified that her cell phone bill covered personal use as well as business purposes. Petitioner's ledger does not list any cell phone bills, but she submitted a number of AT&T bill stubs to substantiate her expenses.  However, petitioner did not provide credible evidence of a business purpose for her cell phone bills.  Although cell phone bills were not subject to the strict substantiation requirements under section 274 during the year at issue, petitioner was nonetheless required to provide evidence establishing how much of the bill was for personal as opposed to business use.  See Windham v. Commissioner, T.C. Memo. 2017-68, at *23-*24.  Petitioner did not do this, and we think it more likely that the use was primarily personal

rather than for business. With respect to the cost of the refurbished iPad, petitioner testified she did not need it whatsoever to perform her work duties.

As to the postage costs, miscellaneous expenses, parking expenses, and uniform-related expenses, petitioner provided no documentary evidence to substantiate that such expenses were unreimbursed employee expenses. Her ledger and receipts do not provide sufficient evidence as to the business purpose behind any of these expenses. She has not properly substantiated her other business expense deductions. Accordingly, she is not entitled to a deduction for these expenses.

Petitioner also claimed a deduction of $304 for tax preparation fees on her Schedule A. She provided no documentary evidence at trial to corroborate her claim concerning the deduction of such fees. Petitioner on brief neglected to mention this deduction. Accordingly, petitioner is not entitled to deduct that expense.

The Court has considered all the other arguments of the parties and, to the extent not discussed above, finds those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.