# United States Tax Court

T.C. Memo. 2026-22

TRACEY YVONNE LUCAS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 25645-22.                    Filed February 26, 2026.

————

Tracey Yvonne Lucas, pro se.

*Alexis T. Locklear*, *Archana Ravindranath*, *Victoria E. Cvek*, *Susan A. Bechtel*, and *Brian E. Peterson*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WAY, *Judge*: Respondent determined the following deficiencies and penalties with respect to petitioner Tracey Y. Lucas's federal income tax for tax years 2020 and 2021 (years at issue).

| Year | Deficiency | Penalty § 6662(a)[1] |
|------|-----------|----------------------|
| 2020 | $7,896 | $1,579 |
| 2021 | 7,758 | 1,552 |

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[\*2]** The issues for decision are whether petitioner (1) is entitled to deduct certain expenses reported on Schedules C, Profit or Loss From Business, for the years at issue, (2) failed to report individual retirement account (IRA) distributions for tax year 2021, and (3) is liable for accuracy-related penalties under section 6662(a) for the years at issue.

For the reasons stated herein, the Court agrees with respondent and sustains the deficiencies and accuracy-related penalties in their entirety.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The Stipulation of Facts and its attached Exhibits are incorporated herein by this reference. Other facts are drawn from sworn testimony and evidence admitted at trial. Petitioner resided in Maryland when she timely petitioned this Court.[2]

Petitioner timely filed her 2020 and 2021 Forms 1040, U.S. Individual Income Tax Return. On her Forms 1040, petitioner reported taxable wages of $50,599 and $53,769, respectively, for the years at issue from her employment with the Social Security Administration. On her Forms 1040, Schedules C, petitioner reported a home healthcare business called Tracey's TLC. Petitioner operated Tracey's TLC to "help" people.

For the years at issue, Tracey's TLC had no employees and reported no gross receipts, but she reported the following business expenses:

- For the years at issue, petitioner reported $5,760 and $9,000, respectively, in rent expenses for vehicles, machinery, or equipment. For tax year 2021, petitioner reported an additional $9,000 in rent expenses for other business property.

---

[2] Absent stipulation to the contrary, this case is thus appealable to the U.S. Court of Appeals for the Fourth Circuit. *See* § 7482(b)(1)(A), (2).

**[\*3]**
- For the years at issue, petitioner reported $1,800 and $4,200, respectively, in utilities expenses.[3]

- For tax year 2020, petitioner reported $7,850 in car and truck expenses, $3,000 in repairs and maintenance expenses, and $3,900 in other expenses. For tax year 2021, petitioner reported $5,200 in other expenses but did not claim car and truck expenses or repairs and maintenance expenses. The other expenses reported for the years at issue were for gas.

- Finally, for the years at issue, petitioner reported $6,700 and $5,940, respectively, in car and renter's insurance expenses.

Petitioner did not maintain separate books and records for Tracey's TLC, and she comingled its funds in her personal checking account. Petitioner's "business records" consisted of gas receipts and monthly bank statements. The monthly bank statements had personal expenses blacked out by hand and "businesses expenses" highlighted. Petitioner forgot to black out at least one personal expense.

The sole activity of Tracey's TLC involved petitioner's looking after Michelle Smith, the daughter of petitioner's acquaintance Mr. Johnson.[4] Petitioner looked after Ms. Smith six to seven days a week while Mr. Johnson worked. Ms. Smith, who suffers from a mental impairment, was supervised by petitioner during work hours but never spent the night at petitioner's home. Ms. Smith ate, did her laundry, and used cable and streaming services while at petitioner's home. At no time did petitioner attempt to identify the percentage of her utility expenses allocable to Ms. Smith.

Ms. Smith had access to the kitchen, living room, sitting room, laundry room, and other common spaces, but not petitioner's bedroom. In addition, petitioner drove Ms. Smith to stores to purchase household items, such as food and hygiene products. As a guest in petitioner's home, Ms. Smith benefited from these purchases. However, petitioner did not separate transactions to specify what was allocable to Ms. Smith

---

[3] Although the record is not entirely clear, petitioner's utilities expenses appear to cover Baltimore Gas & Electric services, cable television and streaming subscriptions, and petitioner's Verizon Wireless cellular plan.

[4] The record does not indicate Mr. Johnson's first name.

[*4] versus the rest of the household. Occasionally, petitioner used one of her cars to drop off Ms. Smith with Mr. Johnson.

Throughout this arrangement, petitioner never charged Mr. Johnson a fixed rate for taking care of Ms. Smith. She accepted whatever Mr. Johnson could offer, sometimes $25 or $30, other times nothing at all. In total, petitioner received less than $200 from Mr. Johnson each year. Petitioner did not report these payments on her Schedules C for the years at issue.

The Internal Revenue Service (IRS) examined petitioner's tax returns for the years at issue. On May 24, 2022, Examiner Shamera Hughes prepared a civil penalty approval form for petitioner. Her immediate supervisor, Group Manager Beth Hagley, signed the form the same day.

On August 19, 2022, the IRS issued petitioner a Notice of Deficiency (Notice), determining deficiencies of $7,896 and $7,758 and accuracy-related penalties of $1,579 and $1,552, respectively, for the years at issue. The total tax required to be shown on petitioner's Forms 1040 was $1,049 and $4,285, respectively. The primary penalty position was for substantial understatements of income tax under section 6662(d), and the alternative penalty position was for negligence under section 6662(c).

In arriving at the deficiencies, the Notice disallowed deductions for all expenses petitioner reported on her Schedules C for the years at issue and included an adjustment of $3,110 to petitioner's IRA distribution for tax year 2021.

On November 16, 2022, petitioner timely petitioned this Court.

OPINION

I.     *Jurisdiction and Burden of Proof*

The Court has jurisdiction to resolve this case under section 6213(a). In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving them erroneous. *See Welch v. Helvering,* 290 U.S. 111, 115 (1933).

Tax deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deduction. *See Himmel v.*

**[\*5]** *Commissioner*, T.C. Memo. 2025-35, at \*10 (citing *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992)). A taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. *See Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

Section 7491(a) provides that the burden of proof may shift to the Commissioner as to a relevant factual issue if the taxpayer introduces "credible evidence" and "has maintained all records required under this title" with respect to the relevant factual issue, among other requirements. *See* § 7491(a)(1), (2)(B). Petitioner has not sought to shift the burden under this provision.

Under section 7491(c), the Commissioner bears the burden of production with respect to an individual taxpayer's liability for penalties or additions to tax. The Commissioner must provide sufficient evidence that imposition of penalties is appropriate. *See Higbee*, 116 T.C. at 446 (2001). This burden includes producing evidence that the initial determination of the penalty was approved in writing by the immediate supervisor of the individual making the determination. *See* § 6751(b)(1). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's penalty determination is incorrect. *See Balyan v. Commissioner*, T.C. Memo. 2017-140, at \*11.

Examiner Hughes prepared a civil penalty approval form for petitioner on May 24, 2022, and her immediate supervisor, Group Manager Hagley, signed the form the same day. The Notice was issued to petitioner on August 19, 2022. Thus, respondent has met his burden of production with respect to the managerial approval of the accuracy-related penalties.

II.     *Section 162 Analysis*

    A.     *Trade or Business*

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To be "ordinary," an expense must be a common or frequent occurrence for the taxpayer's type of business. *See Deputy v. du Pont*, 308 U.S. 488, 495 (1940). To be "necessary," an expense must be "appropriate and helpful" to the taxpayer's business. *See Welch v. Helvering*, 290 U.S. at 113.

[*6]   The threshold inquiry is whether the taxpayer is engaged in a trade or business. In making this determination, courts focus on the following three factors: (1) whether the taxpayer undertook the activity intending to earn a profit; (2) whether the taxpayer is regularly and actively involved in the activity; and (3) whether the taxpayer's activity has actually commenced. *See Johnson v. Commissioner*, T.C. Memo. 2025-87, at *9.

Petitioner did not intend to earn a profit through Tracey's TLC. The purpose of Tracey's TLC was to "help" people. Petitioner did not charge Mr. Johnson a fixed rate for her services, and she presented no evidence of any clients other than Mr. Johnson. The amounts petitioner did receive from Mr. Johnson were sporadic and went unreported on her Schedules C. These amounts were minimal relative to the wages she earned from her employment with the Social Security Administration. *See Jafarpour v. Commissioner*, T.C. Memo. 2012-165, 103 T.C.M. (CCH) 1880, 1884 (recognizing that while a taxpayer may have more than one trade or business, time devoted to another job must be considered).

Although petitioner reported a business on her Schedules C for the years at issue, she failed to produce business records, establish a separate bank account, or follow other standard business practices. *See Weston v. Commissioner*, T.C. Memo. 2025-16, at *10 (explaining that courts assess regular and active involvement by considering whether the taxpayer operated in a "systematic and businesslike manner," among other factors).

For these reasons, the Court finds that petitioner's caretaking activities during tax years 2020 and 2021 did not constitute a trade or business.

B.    *Substantiation Requirement*

Even if the Court were to find that petitioner was engaged in a trade or business, section 162(a) limits deductions to ordinary and necessary business expenses. The taxpayer may not deduct "personal, living, or family expenses." *See* § 262(a).

To obtain a deduction, the taxpayer must maintain adequate records. *See* § 6001; Treas. Reg. § 1.6001-1(a). Section 274(d) imposes heightened substantiation requirements for certain types of expenses. Among these are expenses related to "listed property" (as defined in section 280F(d)(4)), which includes "any passenger automobile," and

**[\*7]** generally requires the taxpayer to "maintain an account book, diary, log, statement of expense, trip sheets, or similar record" and document any evidence. *See* Temp. Treas. Reg. § 1.274-5T(c)(1) and (2).

Under the *Cohan* rule, the Court may in some instances estimate an allowable deduction where a taxpayer adequately establishes that she incurred a deductible expense but is unable to substantiate the exact amount. *See Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). The *Cohan* rule does not apply with respect to items enumerated under section 274(d). *See Sanford v. Commissioner*, 50 T.C. 823, 828 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969). Moreover, where there is no evidence from which the Court could reasonably apportion expenses between business and personal use, the *Cohan* rule does not apply. *See Vanicek v. Commissioner*, 85 T.C. 731, 742−43 (1985).

Petitioner failed to produce meaningful documentation to support her alleged business expenses. The limited bank statements and gas receipts petitioner did provide are of questionable reliability. The bank statements were not those of a business account but rather of an account that comingled alleged business and personal assets, with personal transactions blacked out by petitioner. The withdrawals from the account that petitioner alleges were business-related appear to the Court to be personal. They include amounts used to pay utility bills related to petitioner's personal residence and for car insurance for petitioner's personal vehicle. This Court has previously found that credit card records in conjunction with self-serving taxpayer testimony, absent additional evidence, do not provide adequate substantiation of business expenses. *See Alemasov v. Commissioner*, T.C. Memo. 2007-130, 93 T.C.M. (CCH) 1254, 1258.

The gas receipts show fuel expenses of less than $40 for tax year 2020 and less than $500 for tax year 2021, yet petitioner reported gas expenses of $3,900 and $5,200, respectively, for the years at issue. As with the bank statements, the gas receipts constitute insufficient documentation to substantiate bona fide business expenses.

For these reasons, the Court finds that petitioner failed to adequately substantiate her Schedule C expenses for the years at issue.

III.   *IRA Distributions*

Petitioner did not assign any error or allege any facts in her Petition, at trial, in her Post-trial Brief, or in any other filing with the Court regarding respondent's adjustment to her IRA distributions of

**[\*8]** $3,110 for tax year 2021. Consequently, this amount is deemed conceded under Rule 34(b)(1).

IV. *Accuracy-Related Penalties*

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if the underpayment is attributable to a substantial understatement of income tax or to negligence. A substantial understatement of income tax is one that exceeds the greater of ten percent of the tax required to be shown on the tax return or $5,000. *See* § 6662(d)(1)(A).

Negligence "includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return." *See* Treas. Reg. § 1.6662-3(b)(1). Negligence also includes a taxpayer's failure to "keep adequate books and records or to substantiate items properly." *See id.*

Such penalties will not be imposed, though, if any portion of the underpayment is attributable to a taxpayer's reasonable cause and good faith attempt to comply with his tax obligations. *See* § 6664(c)(1). Reliance on the advice of a tax professional may establish a defense of reasonable cause and good faith, but only if (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. *See Neonatology Assocs., P.A. v. Commissioner*, 115 T.C. 43, 99 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002).

Petitioner prepared her own tax returns and has not credibly claimed that she relied on the advice of a tax professional. She testified that she relied on the advice of an individual she alternately referred to as a "counselor" and an "auditor person" when deciding to deduct residence expenses and exclude Mr. Johnson's payments from her income. She offered no evidence other than her testimony to support this assertion, which the Court finds insufficient to establish a defense based on reasonable cause and good faith.

Respondent has met his burden of production for his primary and secondary penalty positions. First, the total tax required to be shown on petitioner's Forms 1040 for the years at issue was $1,049 and $4,285, respectively, and the deficiency amounts were determined to be $7,896

**[\*9]** and $7,758, respectively. The deficiency amounts thus constitute substantial understatements of income tax under section 6662(d) in that they are greater than both $5,000 and ten percent of the tax required to be shown on the Forms 1040. Second, petitioner acted negligently in reporting as business expenses items that were plainly personal, and petitioner did so without providing adequate substantiation.[5]

For these reasons, the Court finds that petitioner is liable for the accuracy-related penalties.

V.    *Conclusion*

The Court sustains the deficiencies and the accuracy-related penalties in their entirety.

To reflect the foregoing,

*An appropriate decision will be entered.*

---

[5] Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to more than one of the types of misconduct described in section 6662. *See* Treas. Reg. § 1.6662-2(c).